[991 NYS2d 767]

In the Matter of IRA S. KAPLAN (Admitted as IRA STEPHEN KAPLAN), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, September 10, 2014

APPEARANCES OF COUNSEL

*Robert A. Green*, Hauppauge (*Leslie B. Anderson* of counsel), for petitioner.

*Stephen Kressel*, Massapequa, for respondent.

### OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Tenth Judicial District served the respondent with a verified petition dated February 1, 2013, containing four charges of professional misconduct. After a hearing, the Special Referee sustained all four charges. The Grievance Committee now moves to confirm the Special Referee's report and impose such discipline upon the respondent as this Court may deem just and proper. By affirmation in response, the respondent notes that he stipulated to all the charges. He requests that any discipline take into account the evidence in mitigation he offered at the hearing, as well as his cooperation with the Grievance Committee, and in the related criminal proceedings.

The charges herein emanate from a common set of stipulated facts, as follows:

In or about the fall of 2007, Wilson Milord, a real estate agent, requested that the respondent represent John Isaac, as purchaser, in the sale of certain real property owned by Milord in Central Islip, New York. The respondent and Milord had an ongoing business relationship, pursuant to which Milord referred prospective real estate clients to the respondent.

The contract of sale prepared by Milord's attorney provided for, inter alia, a sale price of $410,000, a down payment of

$20,000 due on signing of the contract, and a purchase money mortgage from an institutional lender in the amount of $390,000. However, no down payment was made at the time the contract was signed, or at any time thereafter. Moreover, the respondent knew that no down payment would be made.

In or about early November 2007, the respondent was advised by the lender's representative that his client, John Isaac, was required to bring to the closing a bank check in the amount of $8,200, to cover the balance of the purchase price. At Milord's request, the respondent agreed to bring a bank check from his operating account, in the amount of $8,200, payable to Milord, to cover the balance of the purchase price on behalf of Mr. Isaac. At all times, the respondent knew that, after exhibiting the bank check at the closing, the bank check would be returned to him, and would not be negotiated.

Despite knowing that the $20,000 down payment was never tendered, the respondent did not advise the bank's representative of the same. Likewise, the respondent did not advise the bank's representative that the $8,200 bank check was issued from his operating account, and that it would not be negotiated. The respondent also advised, and permitted, his client to sign a HUD-1 Settlement Statement reflecting that a $20,000 down payment had been made, despite knowing that the $20,000 down payment was never made.

Charge one alleges that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of former Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]).

Charge two alleges that the respondent engaged in conduct adversely reflecting on his fitness as a lawyer, in violation of former Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

Charge three alleges that the respondent, in his representation of a client, knowingly made a false statement of law or fact, in violation of former Code of Professional Responsibility DR 7-102 (a) (5) (22 NYCRR 1200.33 [a] [5]).

Charge four alleges that the respondent assisted a client in conduct that he knew to be illegal or fraudulent, in violation of former Code of Professional Responsibility DR 7-102 (a) (7) (22 NYCRR 1200.33 [a] [7]).

In view of the respondent's admissions and the evidence adduced at the hearing, we conclude that the Special Referee

properly sustained all four charges. Accordingly, the Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline, we note that the respondent engaged in serious professional misconduct by withholding material information from, and making material misrepresentations to, the subject lender to its detriment, for the purpose of effectuating the underlying real estate transaction. Nevertheless, the subject transaction occurred almost seven years ago, and the respondent has no prior disciplinary history. Furthermore, the respondent demonstrated remorse, cooperated with the Grievance Committee, and cooperated with law enforcement in the related criminal proceedings against Wilson Milord.

Under the totality of the circumstances, the respondent is suspended from the practice of law for a period of one year.

ENG, P.J., MASTRO, RIVERA, SKELOS and DILLON, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent, Ira S. Kaplan, admitted as Ira Stephen Kaplan, is suspended from the practice of law for a period of one year, commencing October 10, 2014, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than April 10, 2015. In such application, the respondent shall furnish satisfactory proof that during said period he (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c) (3), and (4) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Ira S. Kaplan, admitted as Ira Stephen Kaplan, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Ira S. Kaplan, admitted as Ira Stephen Kaplan, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).