Matter of Kaplan (2021 NY Slip Op 08184)





Matter of Kaplan


2021 NY Slip Op 08184


Decided on February 24, 2021


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
REINALDO E. RIVERA
MARK C. DILLON
CHERYL E. CHAMBERS
PAUL WOOTEN, JJ.


2020-07610

[*1]In the Matter of Ira S. Kaplan, admitted as Ira Stephen Kaplan, a suspended attorney. Grievance Committee for the Tenth Judicial District, petitioner; Ira S. Kaplan, respondent. (Attorney Registration No. 2767572)



APPLICATION pursuant to 22 NYCRR 1240.10 by Ira S. Kaplan, who was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on September 25, 1996, under the name Ira Stephen Kaplan, to resign as an attorney and counselor-at-law. In a separate proceeding under Appellate Division Docket No. 2013-01698, by opinion and order of this Court dated September 10, 2014, the respondent was suspended from the practice of law for a period of one year, commencing October 10, 2014 (see Matter of Kaplan, 121 AD3d 219).



Catherine A. Sheridan, Hauppauge, NY (Stacey J. Sharpelletti of counsel), for petitioner.
Ira S. Kaplan, Lindenhurst, NY, respondent pro se.



PER CURIAM.


OPINION & ORDER
The respondent, Ira S. Kaplan, admitted as Ira Stephen
Kaplan, has submitted an affidavit sworn to on September 11, 2020, in support of his application to resign as an attorney and counselor-at-law (see 22 NYCRR 1240.10).
The respondent acknowledges in his affidavit that he is currently the subject of an investigation by the Grievance Committee for the Tenth Judicial District, and that the allegations include at least the following acts of professional misconduct: since his suspension from the practice of law, on two separate renewal applications, in 2015 and in 2019, for his New York notary public commission, he falsely affirmed under the penalties of perjury, inter alia, that no license had ever been suspended in this state. He attests that he cannot successfully defend against these allegations.
The respondent acknowledges that his resignation is freely and voluntarily tendered, without coercion or duress by anyone, with full awareness of the consequences, including that the Court's acceptance and approval shall result in the entry of an order of disbarment striking his name from the roll of attorneys and counselors-at-law.
The respondent states that the Grievance Committee's investigation does not include any allegations that he willfully misappropriated or misapplied money or property. The respondent acknowledges that his resignation is submitted subject to any future application that may be made by a Grievance Committee to any Department of the Appellate Division for an order, pursuant to Judiciary Law § 90(6-a), directing that he make restitution or [*2]reimburse the Lawyers' Fund for Client Protection, and that he consents to the continuing jurisdiction of the Appellate Division to make such an order.
The respondent acknowledges that in the event that the Court accepts his resignation, the order resulting therefrom and the records and documents filed in relation to the aforementioned allegations, including his affidavit, shall be deemed public records pursuant to Judiciary Law § 90(10).
The Grievance Committee contends that its investigation against the respondent does not include any allegations that the respondent willfully misappropriated or misapplied money or property in the practice of law. The Grievance Committee contends that the resignation fully complies with the requirements of 22 NYCRR 1240.10 and, therefore, recommends its acceptance.
Inasmuch as the respondent's application to resign complies with the requirements of 22 NYCRR 1240.10, the application is granted, and effective immediately, the respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.
MASTRO, A.P.J., RIVERA, DILLON, CHAMBERS and WOOTEN, JJ., concur.
ORDERED that the application of the respondent Ira S. Kaplan, admitted as Ira Stephen Kaplan, a suspended attorney, to resign as an attorney and counselor-at-law is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent Ira S. Kaplan, admitted as Ira Stephen Kaplan, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent Ira S. Kaplan, admitted as Ira Stephen Kaplan, shall continue to comply with the rules governing the conduct of disbarred or suspended attorneys (22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent Ira S. Kaplan, admitted as Ira Stephen Kaplan, shall continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent Ira S. Kaplan, admitted as Ira Stephen Kaplan, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court